UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1  ROBERT DONALD GORDON,

    Defendant.

Case:2:17-cr-20636
Judge: Berg, Terrence G.
MJ: Whalen, R. Steven
Filed: 09-26-2017 At 03:31 PM
INDI USA V ROBERT DONALD GORDON (LG)

VIO:  18 U.S.C. § 2251(a)
        18 U.S.C. § 2422(b)
        18 U.S.C. § 2423(b)
        18 U.S.C. § 2252A(a)(5)(B)
        Forfeiture Allegations

_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

(18 U.S.C. § 2251(a) - *Production of Child Pornography*)

D-1    Robert Donald Gordon.

On or about April 15, 2017 in the Eastern District of Michigan and elsewhere, the defendant, Robert Donald Gordon, did employ, use, persuade, induce, entice, and coerce a minor, Minor Victim One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and, the defendant knew and had reasons to know that such visual depiction was intended to be transported

1

and transmitted, using any means or facility of interstate and foreign commerce, was actually transported and transmitted using any means or facility of interstate or foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported and transmitted in interstate and foreign commerce in violation of Title 18, United States Code, Section 2251(a).

## **COUNT TWO**

(18 U.S.C. § 2251(a) - *Production of Child Pornography*)

D-1   Robert Donald Gordon.

On or about April 15, 2017, in the Eastern District of Michigan and elsewhere, the defendant, Robert Donald Gordon, did employ, use, persuade, induce, entice, and coerce a minor, Minor Victim One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and, the defendant knew and had reasons to know that such visual depiction was intended to be transported and transmitted, using any means or facility of interstate and foreign commerce, was actually transported and transmitted using any means or facility of interstate or foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported and transmitted in interstate and foreign commerce in violation of Title 18, United States Code, Section 2251(a).

## **COUNT THREE**

(18 U.S.C. § 2251(a) - *Production of Child Pornography*)

D-1   Robert Donald Gordon.

On or about August 26, 2017, in the Eastern District of Michigan and elsewhere, the defendant, Robert Donald Gordon, did employ, use, persuade, induce, entice, and coerce a minor, Minor Victim One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and, the defendant knew and had reasons to know that such visual depiction was intended to be transported and transmitted, using any means or facility of interstate and foreign commerce, was actually transported and transmitted using any means or facility of interstate or foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported and transmitted in interstate and foreign commerce in violation of Title 18, United States Code, Section 2251(a).

## COUNT FOUR

(18 U.S.C. § 2251(a) - *Production of Child Pornography*)

D-1   Robert Donald Gordon.

On or about August 26, 2017, in the Eastern District of Michigan and elsewhere, the defendant, Robert Donald Gordon, did employ, use, persuade, induce, entice, and coerce a minor, Minor Victim One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and, the defendant knew and had reasons to know that such visual depiction was intended to be transported and transmitted, using any means or facility of interstate and foreign commerce, was actually transported and transmitted using any means or facility of interstate or foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported and transmitted in interstate and foreign commerce in violation of Title 18, United States Code, Section 2251(a).

## COUNT FIVE

(18 U.S.C. § 2422(b) – *Coercion and Enticement of Minor*)

D-1   Robert Donald Gordon.

On or about November 12, 2016 through August 26, 2017, in the Eastern District of Michigan and elsewhere, defendant Robert Donald Gordon, did knowingly use a facility and means of interstate or foreign commerce (to wit: the Internet) to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years (to wit: Minor Victim One) to engage in sexual activity for which any person can be charged with a criminal offense, to include the production of child pornography as described in 18 U.S.C. § 2256(8) and third degree criminal sexual conduct, in violation of M.C.L. § 750.520d, in violation of Title 18, United States Code, Section 2422(b).

## COUNT SIX

(18 U.S.C. § 2423(b) – *Interstate travel with intent to engage in a sexual act with a minor*)

D-1    Robert Donald Gordon.

On or about April 15, 2017 through August 26, 2017, in the Eastern District of Michigan and elsewhere, the defendant, Robert Donald Gordon, did travel in interstate commerce for the purpose of engaging in illicit sexual conduct, (to wit: a sexual act with Minor Victim One, a person less than 18 years of age), such sexual act being defined in 18 U.S.C § 2246, all in violation of Title 18, United States Code, Section 2423(b).

## **COUNT SEVEN**

(18 U.S.C. § 2252A(a)(5)(B) – *Possession of Child Pornography)*

D-1    Robert Donald Gordon.

On or about April 15, 2017 through August 26, 2017, within the Eastern District of Michigan, the defendant, Robert Donald Gordon, knowingly possessed one or more computer hard drives, books, magazines, periodicals, and other material which contained child pornography, as defined in Title 18, United States Code, Section 2256(8), including but not limited to visual depictions of real minors engaged in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, had been shipped and/or transported in and affecting interstate and foreign commerce, and were produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

Upon conviction of the offenses charged in Counts One to Seven of the Indictment, the defendant, Robert Donald Gordon, shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the following:

  i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

  ii. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

If any of the property described in the paragraphs above as being forfeitable pursuant to 18 U.S.C. § 2253, as a result of any act or omission of the defendant --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred to, sold to, or deposited with a third party;

  c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America, pursuant to 21 U.S.C. § 853(p), intends to seek forfeiture of all other property of the defendant up to the value of the above described forfeitable property.

**THIS IS A TRUE BILL.**

/s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

DANIEL L. LEMISCH
Acting United States Attorney


/s/ Matthew A. Roth
MATTHEW A. ROTH
Chief, General Crimes Unit
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3220
phone: 313-226-9713

/s/ Jihan Williams
Jihan Williams
Assistant United States Attorney
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226-3220
Jihan.williams@usdoj.gov
phone: 313-226-9520

Dated: September 26, 2016

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cove** | Case:2:17-cr-20636<br>Judge: Berg, Terrence G.<br>MJ: Whalen, R. Steven<br>Filed: 09-26-2017 At 03:31 PM<br>INDI USA V ROBERT DONALD GORDON (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete ~~~~~~~~~~~~~~~~~~~

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | AUSA's Initials: JMW |

**Case Title:** USA v. Robert Gordon

**County where offense occurred:** Oakland

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____ Indictment/ ____ Information --- no prior complaint.
✓ Indictment/ ____ Information --- based upon prior complaint [Case number: 17-30443     ]
____ Indictment/ ____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

September 26, 2017
Date

Jihan M. Williams
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9520
Fax: 313-226-2621
E-Mail address: jihan.williams@usdoj.gov
Attorney Bar #: 77686

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.