1              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
2                   SOUTHERN DIVISION

3
UNITED STATES OF AMERICA,
4
                    Plaintiff,
5    vs.                              Case No. 17-20636
                                      Hon. Terrence G. Berg
6    ROBERT DONALD GORDON,

7                   Defendant.
     _____/
8
                         **PLEA**
9
            BEFORE THE HONORABLE TERRENCE G. BERG
10               United States District Judge
            Theodore Levin United States Courthouse
11              231 West Lafayette Boulevard
                 Detroit, Michigan  48226
12              Thursday, November 15, 2018

13   APPEARANCES:

14   For the Plaintiff          JIHAN M. WILLIAMS
     United States of America:  U.S. Attorney's Office
15                              211 West Fort Street
                                Suite 2001
16                              Detroit, Michigan  48226
                                313-226-9520
17
     For the Defendant          MICHAEL E. CARTER
18   Robert Donald Gordon:      Federal Community Defender Office
                                613 Abbott Street
19                              Fifth Floor
                                Detroit, Michigan  48226
20                              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

21

22

23
         To obtain a certified copy of this transcript, contact:
24        Linda M. Cavanagh, CSR-0131, RDR, RMR, CRR, CRC
                      Official Court Reporter
25            (313) 234-2616 • www.transcriptorders.com

Plea • Thursday, November 15, 2018

2

TABLE OF CONTENTS

                                                                Page

PLEA:

Summary of Plea Agreement Terms by Ms. Williams......5
Questioning of Defendant Gordon by the Court.........8
Questioning of Defendant Gordon by Mr. Carter
Re Count 5 Guilty Plea..............................19
Questioning of Defendant Gordon by Mr. Carter
Re Count 6 Guilty Plea..............................21
Acceptance of Guilty Plea by the Court.............23

EXHIBITS

| Identification | Offered | Received |
| --- | --- | --- |
| NONE | | |

Plea • Thursday, November 15, 2018

1           Detroit, Michigan

2           Thursday, November 15, 2018

3                    —  —  —

4           (Proceedings commenced at 11:40 a.m., all parties

5           present)

6           THE CLERK:  The Court calls Case No. 17-20636, the

7    United States of America versus Robert Donald Gordon.

8           Counsel, please place your appearances on the record.

9           MS. WILLIAMS:  Good morning, Your Honor.  Jihan

10   Williams appearing on behalf of the United States.

11          THE COURT:  Ms. Williams.

12          MR. CARTER:  Good morning, Your Honor.  Mike Carter

13   on behalf of Mr. Robert Gordon who stands to my right.

14          THE COURT:  And good afternoon, Mr. Carter.  Good

15   afternoon, Mr. Gordon, or good morning I guess.

16          So we're here for purposes of having a hearing on

17   whether or not you want to enter a guilty plea in this case,

18   and so as part of that I want to explain to you what's going to

19   happen.

20          So first of all, what we'll do is go over this

21   proposed Plea Agreement, and I'll have Ms. Williams state on

22   the record all of the main terms of the agreement out loud so

23   that everybody knows what they are.

24          I'm also going to go over with you what the possible

25   penalties are so you understand what the maximum possible

1    penalties would be under this agreement and the maximum

2    penalties under these statutes.

3         I'm also going to ask you a number of basic

4    questions, basically your name, your background, that sort of

5    thing.

6         And I'll ask you questions that are trying to make

7    certain that you're of sound mind and able to make a decision

8    like this and that you're doing it voluntarily.

9         I'm also going to go over with you what your

10   constitutional rights are because if you plead guilty, you're

11   giving up a lot of your constitutional rights.

12        And we'll go over the different factors the Court has

13   to consider at the time of sentencing so that you'll know what

14   that's going to be like.

15        And then after we go through all this, I'll go over

16   the elements that the government has to prove to prove you

17   guilty of these offenses.

18        And then I'll ask you whether or not you want to

19   plead guilty to these offenses.

20        Do you understand you understand what's going to

21   happen?

22        DEFENDANT GORDON:  Yes, sir.

23        THE COURT:  All right.  So why don't you come up then

24   to the lectern with Mr. Carter.

25        And I can start by asking Ms. Williams to take the

1    Plea Agreement and to enter on the record all of the main terms

2    of the Plea Agreement.  Go ahead.

3           MS. WILLIAMS:  Your Honor, defendant will enter a

4    plea of guilty to Counts 5 and 6 of the indictment which

5    charges him with coercion and enticement of a minor, in

6    violation of 18 United States Code, Section 244 -- 2422(a), and

7    interstate travel with intent to engage in a sexual act with a

8    minor, in violation of 18 United States Code, Section 2423(b).

9           For Count 5, coercion and enticement of a minor, the

10   minimum penalty is not less than ten years imprisonment and it

11   has a maximum of life imprisonment.

12          For Count 6, interstate travel with intent to engage

13   in a sexual act with a minor, there is a statutory maximum of

14   30 years imprisonment.

15          Both counts include a maximum fine of $250,000.

16          And there's mandatory supervised release that will

17   follow the term of imprisonment in this case which is five

18   years to life.

19          Under part 2B of the Rule 11 Plea Agreement there are

20   no sentencing guidelines disputes.  Except as provided within

21   the Rule 11 Plea Agreement, the defendant's guideline range is

22   life imprisonment.

23          The Rule 11 Plea Agreement does include relevant

24   conduct and that is outlined on page 6 and 7 of the Rule 11

25   Plea Agreement.

1      Under part 3A of the Rule 11 Plea Agreement the Court

2  must impose a sentence of imprisonment on Count 5, which is

3  coercion and enticement of a minor, of at least 10 years.

4      Pursuant to Federal Rule of Criminal Procedure

5  11(c)(1)(C), the government makes a non-binding recommendation

6  that it will not seek a sentence of imprisonment in this case

7  of more than 25 to 30 years.

8      As I mentioned before, a term of supervised release

9  will follow the term of imprisonment in this case.  The term of

10  supervised release is at least five years to life.

11      The Rule 11 Plea Agreement provides that the

12  defendant will pay a special assessment, and that special

13  assessment is $200 and that will be due at the time of

14  sentencing.

15      Also pursuant to the Justice for Victims of

16  Trafficking Act of 2015, defendant will pay a special

17  assessment of $5,000.  However, if the Court finds that the

18  defendant is indigent, he will not be ordered to pay the $5,000

19  amount.

20      There is no agreement as to fines in the Rule Plea

21  Agreement.

22      As far as restitution, the Court may order

23  restitution to every identifiable victim of defendant's offense

24  and all other relevant conduct.  The victims and the full

25  amount of restitution in this case would be going to Minor

1  Victim 1, and that will be in an amount agreed upon by the

2  government.

3          The Rule 11 Plea Agreement does provide for

4  forfeiture, which is outlined on page 9 and 10 of the Rule 11,

5  Section 4.

6          Defendant also understands pursuant to the Rule 11

7  Plea Agreement that by pleading guilty in this case, he will be

8  required to register as a sex offender under both federal and

9  state registration requirements.

10          If the Court accepts the Rule 11 Plea Agreement, the

11  government will dismiss remaining charges in this case at the

12  time of sentencing.

13          And the Rule 11 Plea Agreement contains an appeal

14  waiver which is outlined on page 14, Section 9, and that appeal

15  waiver states that the defendant waives any right he may have

16  to appeal his conviction if the sentence imposed does not

17  exceed the maximum recommendation allowed by Part 3 of the Rule

18  11 Plea Agreement.  Defendant also waives any right he may have

19  to appeal his sentence.  If the sentence imposed is within the

20  guideline range determined by Paragraph 2B of the Rule 11 Plea

21  Agreement, the government agrees not to appeal the sentence but

22  retains its right to appeal any sentence below that range.

23  This waiver does not bar a filing of a claim of ineffective

24  assistance of counsel in court.

25          And those are the material terms of the Rule 11 Plea

1    Agreement, Your Honor.

2           THE COURT:  All right.  And Mr. Carter, do you agree

3    those are the main terms of the agreement?

4           MR. CARTER:  I do, Your Honor.

5           THE COURT:  Mr. Gordon, did you hear the Plea

6    Agreement that was set out by Ms. Williams and does that match

7    what your understanding is?

8           DEFENDANT GORDON:  Yes, Your Honor.

9           THE COURT:  Okay.  We do need to have you sworn to

10   tell the truth because I'll be asking you questions, and so I'm

11   going to ask Ms. Chubb to administer the oath.

12          THE CLERK:  Please raise your right hand.

13                R O N A L D   G O R D O N

14   was thereupon called as a witness herein, and after being

15   first duly sworn to tell the truth and nothing but the truth,

16   testified on his oath as follows:

17          DEFENDANT GORDON:  I do.

18          THE CLERK:  Thank you.

19          THE COURT:  So Mr. Gordon, this Plea Agreement that I

20   have up here on page 17 has a signature line that says Robert

21   Gordon and it appears to have your signature.  Did you sign

22   that?

23          DEFENDANT GORDON:  Yes, sir.

24          THE COURT:  Did you have a chance to go over it

25   before you signed it?

1          DEFENDANT GORDON:  Yes, sir.

2          THE COURT:  Do you feel like you understood all the

3     terms before you signed it?

4          DEFENDANT GORDON:  Yes, sir.

5          THE COURT:  And did you go over it with your lawyer

6     as well?

7          DEFENDANT GORDON:  Yes, sir.

8          THE COURT:  Okay.  Well, I want to ask you some of

9     those basic questions that I mentioned before, and so let me

10    just ask you what is your full name?

11         DEFENDANT GORDON:  Robert Donald Gordon.

12         THE COURT:  And where were you born?

13         DEFENDANT GORDON:  Lafayette, Indiana.

14         THE COURT:  How far did you go in school?

15         DEFENDANT GORDON:  One year college.

16         THE COURT:  Have you been treated recently for any

17    kind of mental illness or addiction to narcotic drugs?

18         DEFENDANT GORDON:  No, sir.

19         THE COURT:  Are you currently under the influence of

20    any kind of drug or medication or alcohol?

21         DEFENDANT GORDON:  No, sir.

22         THE COURT:  Have you taken anything in the last three

23    days that might affect your ability to understand these

24    proceedings or your perceptions or your comprehension?

25         DEFENDANT GORDON:  No, sir.

Plea • Thursday, November 15, 2018

10

```
1        THE COURT:  Do you have any kind of mental condition
2   or disability that might affect your ability to understand?
3        DEFENDANT GORDON:  No, sir.
4        THE COURT:  Mr. Carter, have you have -- had the
5   chance to meet with Mr. Gordon before today as well as today
6   and do you have any concerns about his mental competence or his
7   ability to understand the proceedings?
8        MR. CARTER:  I have had an opportunity to meet with
9   him and I have no concerns about his mental competence or his
10  ability to understand the proceedings.
11       THE COURT:  What about you, Ms. Williams?
12       MS. WILLIAMS:  No, Your Honor.
13       THE COURT:  Well, based on my observations of Mr.
14  Gordon today and also previously and also statements of counsel
15  and the way Mr. Gordon appears to be able to answer the
16  questions and understand everything, I do find that he is in
17  full possession of all of his faculties and is able to make a
18  decision such as this.
19       So Mr. Gordon, did you previously receive a copy of
20  the indictment in this case, that's the charging document that
21  says "Indictment, The Grand Jury Charges:" and then it has
22  Count 1, Count 2, et cetera, and it goes up to Count 5 which is
23  charging you with 18 U.S. Code, Section 2422(b), coercion and
24  enticement of a minor, and then it has Count 6, charging you
25  with 18 U.S. Code, Section 2423(b), which is interstate travel
```

1   with intent to engage in a sexual act with a minor.  Did you

2   receive a copy of this previously?

3           DEFENDANT GORDON:  Yes, Your Honor.

4           THE COURT:  Now, these two charges are the ones that,

5   according to the Plea Agreement, you are considering pleading

6   guilty to.  Would you like me to read these to you

7   word for word or have you already gone over with them with your

8   lawyer?

9           DEFENDANT GORDON:  We've gone over them with my

10  attorney, sure.

11          THE COURT:  All right.  Then let me just ask you,

12  with regard to your lawyer, are you fully satisfied with the

13  work and the counsel and the advice that Mr. Carter has given

14  you in this case?

15          DEFENDANT GORDON:  Yes, Your Honor.

16          THE COURT:  With regard to this Plea Agreement, I

17  think you said you did have a chance to read it and go over it

18  with your lawyer, is that right?

19          DEFENDANT GORDON:  Yes.

20          THE COURT:  Does this agreement represent the whole

21  agreement between you and the government, there's no other

22  agreement on the side that I don't have in front of me, is

23  there?

24          DEFENDANT GORDON:  That is correct, sir.

25          THE COURT:  The decision about whether to sign this

1    agreement, did anybody make any special promises or assurances

2    to you to get you to sign it?

3              DEFENDANT GORDON:  No, sir.

4              THE COURT:  Did anybody try to threaten you or force

5    you to sign it?

6              DEFENDANT GORDON:  No.

7              THE COURT:  Did anybody try to threaten you or force

8    you just to get you to plead guilty in general?

9              DEFENDANT GORDON:  No.

10             THE COURT:  The whole decision about whether to plead

11   guilty to this, are you making this decision out of your own

12   free will because you believe you are guilty?

13             DEFENDANT GORDON:  I am, sir.

14             THE COURT:  This question is for Mr. Carter.  Were

15   all formal offers that were made by the government to you

16   conveyed by you to Mr. Gordon?

17             MR. CARTER:  Absolutely.

18             THE COURT:  So Mr. Gordon, if you plead guilty to

19   these offenses, they are felony offenses, and being convicted

20   of felonies, which is what would happen if you plead guilty

21   here, would affect some of your civil rights and it would

22   possibly deprive you of your right, for example, to hold public

23   office, serve on a jury, possess any kind of firearm and in

24   some states even your right to vote.  Do you understand that?

25             DEFENDANT GORDON:  Yes, sir.

1    THE COURT:  Now, as to Count 5, there is a minimum

2    period of imprisonment of at least ten years and a maximum

3    period of imprisonment of life in prison, and as to Count 6,

4    there's a maximum of up to 30 years.  Do you understand those

5    are the possible penalties?

6         DEFENDANT GORDON:  Yes, sir.

7         THE COURT:  There's also a fine that would apply to

8    each of these that could be as high as $250,000 and also a

9    period of supervised release that would be between five years

10   and life.  Supervised relief is a -- release is a period where

11   you would be under the supervision of the Probation Department

12   and you would need to comply with certain conditions such as

13   not committing any other crimes and staying away from drugs and

14   in this case probably staying away from children as well.  Do

15   you understand that?

16        DEFENDANT GORDON:  Yes, sir.

17        THE COURT:  Now, there would also be a special

18   assessment on each of these counts of $100.

19        Now, the parties have calculated the sentencing

20   guidelines here as well, and in the worksheets to the Plea

21   Agreement they calculate the sentencing guidelines as being

22   life actually, that the guidelines themselves are life.  Now,

23   these guidelines are based on the federal sentencing

24   guidelines, and in the worksheets you can see the way that the

25   parties have calculated the guidelines.

 1          But I have reviewed these and I want to say I think
 2   they are somewhat complicated, and ultimately it's going to be
 3   up to the Probation Department to also calculate these
 4   guidelines.  And I will be reviewing the Pre-Sentence Report
 5   that's prepared that has the calculations of the guidelines in
 6   it and in the end I will decide what the correct calculation of
 7   the guidelines is.  Do you understand that?
 8          DEFENDANT GORDON:  Yes, sir.
 9          THE COURT:  And whatever that calculation is, whether
10   it's life as the parties believe it is or whether it's
11   something less than life, I need to take that into account in
12   determining what the sentence is.  You understand that?
13          DEFENDANT GORDON:  Yes, sir.
14          THE COURT:  And I also have to take certain other
15   things into account.  I have to consider the nature and
16   circumstances of this offense itself.
17          I have to consider your own character and history,
18   including whether you have any other prior criminal convictions
19   according to this.  Apparently you don't have any other
20   criminal convictions.
21          The other things I need to take into account are the
22   need to promote respect for the law and to protect the public
23   and also to provide for deterrence, in other words,
24   discouraging people from committing crimes.
25          I also need to avoid what we call unwarranted

 1    sentencing disparities.  That means treating people differently

 2    when their underlying crimes and their backgrounds are really

 3    the same.

 4         I also need to take into account any special needs a

 5    person might have for training or treatment.

 6         And I have to consider all the policies under the

 7    sentencing guidelines and also those guidelines themselves.

 8         Do you understand I will be considering all of these

 9    things at the time of sentencing?

10    DEFENDANT GORDON:  Yes, sir.

11    THE COURT:  As was mentioned, this Plea Agreement

12    does contain a waiver of your right to appeal, and so if

13    whatever sentence that is ultimately imposed is within this

14    Plea Agreement, then you would not be able to appeal your

15    conviction or appeal your sentence.  Do you understand that?

16    DEFENDANT GORDON:  Yes, sir.

17    THE COURT:  You do have a number of constitutional

18    rights that I want to go over with you because if you plead

19    guilty, you'll be giving up these rights.

20         So first of all, you do have the right to plead not

21    guilty and to insist on having a trial because you have the

22    right to a trial and to be represented by an attorney during

23    the trial and at all of the significant stages of the

24    prosecution.

25         You would be presumed innocent during any trial.  You

```
 1    would have no burden of proving anything.  The government would
 2    have the burden of proving you guilty beyond a reasonable
 3    doubt.
 4          You would have the right to present evidence if you
 5    wanted to but you would not have to.  In fact, you would be
 6    presumed innocent, and that means that you would not have to
 7    present any evidence or to testify, and the fact that you did
 8    not testify or present evidence could not be used against you
 9    in any way.  You understand that?
10          DEFENDANT GORDON:  Yes, sir.
11          THE COURT:  You would have the right to use the
12    Court's subpoena power to bring witnesses into court to testify
13    on your behalf if you wanted to, but you wouldn't have to
14    present any evidence because the burden would be on the
15    government to prove you guilty.
16          You also would have the right to question any of the
17    government's witnesses, to cross-examine them through your
18    lawyer in order to test -- in order to test the truth of what
19    they were saying and also to see and hear all of the evidence
20    that the government might have against you.
21          Now, if you plead guilty, there will be no trial
22    because your guilty plea is what would be the reason for
23    convicting you.  Do you understand that?
24          DEFENDANT GORDON:  Yes, sir.
25          THE COURT:  Are you willing to give up your trial
```

Plea • Thursday, November 15, 2018

1    rights that I've just described?

2           DEFENDANT GORDON:  Yes, Your Honor.

3           THE COURT:  Did you have a chance to go over these

4    rights with your attorney?

5           DEFENDANT GORDON:  Yes.

6           THE COURT:  Now, do you understand that this

7    agreement is between you and the government, and what I would

8    do is to take this under advisement, in other words, I would

9    think about it between now and the time of sentencing.  And if

10   you plead guilty under this particular Plea Agreement but then

11   after I review the Pre-Sentence Report I decide that I will not

12   accept this agreement, then I would give you the chance to

13   withdraw your guilty plea at that time and you could go to

14   trial.  Do you understand that?

15          DEFENDANT GORDON:  Yes, sir.

16          THE COURT:  Because of the nature of this offense,

17   this conviction would also require you to register as a sex

18   offender, and you would have to comply with both the federal

19   Sex Offender Registry Act and the state sex offender registry

20   wherever you might live, and you would have to comply with any

21   of the conditions that those laws may impose on you.  Do you

22   understand that?

23          DEFENDANT GORDON:  Yes, sir.

24          THE COURT:  That might include provisions such as

25   determining where you would be allowed to live, where you would

1    be allowed to associate with others, and where you would be

2    allowed to work and what kinds of work or living surroundings

3    you could have.  Do you understand that?

4            DEFENDANT GORDON:  Yes, sir.

5            THE COURT:  Each of these offenses can be broken down

6    into elements, and so I want to go over those elements with you

7    as to each of the offenses before I ask you if you want to

8    plead guilty.

9            So Count 5 has three different elements to it.  So

10   first of all, to prove you guilty of Count 5, the government

11   would have to prove that you knowingly used a facility or means

12   of interstate commerce such as a cellular phone or computer to

13   persuade, induce, entice or coerce an individual under the age

14   of 18 to engage in sexual activity.  That's the first element.

15           The second element is that they would have to prove

16   that you believed that this individual was less than 18 years

17   old.

18           Number three, they would have to prove that you could

19   have been charged with a criminal offense for engaging in the

20   specified sexual activity that you were trying to entice or

21   coerce this person into doing.

22           Do you understand those are the three elements of

23   this offense?

24           DEFENDANT GORDON:  Yes, sir.

25           THE COURT:  Then having gone over with you those

1    elements and also all of your rights, I want to ask you, as to

2    Count 5 charging you with a violation of 18 U.S. Code, Section

3    2422(b), coercion and enticement of a minor, how do you plead,

4    guilty or not guilty?

5              DEFENDANT GORDON:  Guilty, Your Honor.

6              THE COURT:  Would you tell me what you did that makes

7    you say you're guilty of this offense?

8              MR. CARTER:  Your Honor, if the Court has no

9    objections, I would like to ask Mr. Gordon questions to

10   establish...

11             THE COURT:  You may.

12             MR. CARTER:  Thank you, Your Honor.

13             Mr. Gordon, for Count 5 of the coercion enticement

14   count, from the period of November 2016 to August 2017, did you

15   use your cell phone and computer to communicate with the person

16   who was under the age of 18?

17             DEFENDANT GORDON:  Yes.

18             MR. CARTER:  And did you know that person was under

19   the age of 18?

20             DEFENDANT GORDON:  Yes.

21             MR. CARTER:  And in those communications, did you

22   persuade the person under the age of 18 to engage in illicit

23   sexual activity?

24             DEFENDANT GORDON:  Yes.

25             MR. CARTER:  Is the Court satisfied?

```
 1          THE COURT:  Let me ask Ms. Williams as well, are you
 2   satisfied?
 3          MS. WILLIAMS:  I am, Your Honor.  Perhaps the parties
 4   should just stipulate that this specific activity, that the
 5   defendant could have been charged --
 6          MR. CARTER:  Oh.
 7          MS. WILLIAMS:  -- with a criminal offense in the
 8   state of Michigan for enticing Minor Victim 1 to engage in
 9   these sexual activities.
10          THE COURT:  All right.  And Mr. Gordon, when you were
11   communicating with this individual, where were you?
12          DEFENDANT GORDON:  In the state of Indiana, sir.
13          THE COURT:  And where was she, do you know?
14          DEFENDANT GORDON:  In the state of Michigan.
15          THE COURT:  All right.  Well, are counsel satisfied
16   that the elements for Count 5 have been set out?
17          MR. CARTER:  The defense is satisfied, Your Honor.
18          MS. WILLIAMS:  Yes, Your Honor.
19          THE COURT:  All right.  I think that -- I think that
20   they're sufficient as well to make out a adequate factual basis
21   as to Count 5.
22          As to Count 6, the elements are first that you -- the
23   government would have to prove beyond a reasonable doubt that
24   you, Mr. Gordon, traveled in interstate commerce.
25          And number two, they would have to prove that you
```

1   traveled in interstate commerce for the purpose of engaging in

2   illicit sexual conduct.  That would be for violation of 18 U.S.

3   Code, Section 2423(b), which is interstate travel with intent

4   to engage in a sexual act with a minor, and that is the kind of

5   illicit sexual conduct that is being referred to.

6          So knowing then what your rights are and also what

7   the elements are for this Count 6, let me ask you, how do you

8   plead to Count 6, guilty or not guilty?

9          DEFENDANT GORDON:  Guilty, Your Honor.

10         THE COURT:  Would you tell me what you did that makes

11  you say you're guilty of Count 6, and you may inquire if you

12  wish, Mr. Carter.

13         MR. CARTER:  Thank you, Your Honor.

14         Mr. Gordon, on August 26th did you travel from the

15  state of Indiana to the state of Michigan?

16         DEFENDANT GORDON:  Yes.

17         MR. CARTER:  In particular, did you travel to

18  Southfield, Michigan?

19         DEFENDANT GORDON:  Yes.

20         MR. CARTER:  And is Southfield, Michigan in the

21  Eastern District of Michigan?

22         DEFENDANT GORDON:  I believe so, yes.

23         MR. CARTER:  And did you travel with the purpose of

24  engaging in illicit sexual conduct with a person under the age

25  of 18?

Plea • Thursday, November 15, 2018

```
 1              DEFENDANT GORDON:  Yes.

 2              MR. CARTER:  If the Court and the government are

 3    satisfied, that is what we'll proffer, Your Honor.

 4              THE COURT:  Ms. Williams, any additional questions?

 5              MS. WILLIAMS:  No, Your Honor.

 6              THE COURT:  Well, let me also ask you, Mr. Gordon,

 7    the Plea Agreement itself contains some paragraphs that are

 8    under the subtitle "Factual Basis for Guilty Plea."  Did you

 9    read those statements?

10              DEFENDANT GORDON:  Yes, sir.

11              THE COURT:  Do you agree that those statements are

12    true and that that's what happened?

13              DEFENDANT GORDON:  Yes.

14              THE COURT:  All right.  Are both counsel satisfied

15    that Count 6 as stated by Mr. Gordon is a sufficient factual

16    basis?

17              MR. CARTER:  The defense is satisfied, Your Honor.

18              MS. WILLIAMS:  Yes, Your Honor.

19              THE COURT:  All right.  I think that he's set out an

20    adequate factual basis as well and also that the Plea Agreement

21    contains more detailed facts that also establish an adequate

22    factual basis, and so I think that we are sufficient with

23    respect to the facts that are on the record regarding both of

24    these counts.

25              Let me ask counsel, in addition to the factual basis,
```

1    do you believe that the Court has complied with Federal Rule of

2    Criminal Procedure 11 during these proceedings?

3            MR. CARTER:  Yes, Your Honor.

4            MS. WILLIAMS:  Yes, Your Honor.

5            THE COURT:  I think we have as well.  Then it is the

6    finding of the Court that in the case of the United States of

7    America against Robert Gordon, that the defendant is fully

8    competent and capable of entering an informed plea.

9            That the defendant is aware of the nature of the

10   offense and also the consequences of pleading guilty.

11           That the plea of guilty is a knowing and voluntary

12   plea that is supported by an independent basis of fact as to

13   each of the essential elements of the offense.

14           And that so the guilty pleas as to Count 5 for

15   coercion and enticement of a minor, in violation of 18 U.S.

16   Code, Section 2422(b), and as to Count 6, in violation of 18

17   U.S. Code, Section 2423(b), interstate travel with intent to

18   engage in a sexual act with a minor, that the facts that have

19   been set out on the record in support of these offenses are, in

20   fact, sufficient to make out these violations and that the plea

21   will be therefore accepted and the Plea Agreement I will take

22   under advisement until the time of sentencing.

23           So Mr. Gordon, the next step is for you to be

24   interviewed by the probation officer.

25           MR. CARTER:  He's already had the interview this

```
 1    morning, Your Honor.
 2            THE COURT:  And so the probation officer will prepare
 3    a written Pre-Sentence Report.  That's what I will have in
 4    front of me at the time of sentencing as well as any other
 5    materials that the counsel submit, and I'm asking you to go
 6    over that carefully with your lawyer to make certain that it's
 7    accurate.  You'll see it in draft form before it's finalized.
 8    If you see anything in there that's incorrect, please bring it
 9    to Mr. Carter's attention and he'll make sure the probation
10    officer knows what it is and can try to make it as accurate as
11    possible.  Do you understand?
12            DEFENDANT GORDON:  Yes, sir.
13            THE COURT:  All right.  Are there any other matters
14    that we need to take up regarding Mr. Gordon?
15            MR. CARTER:  No, Your Honor.
16            MS. WILLIAMS:  No, Your Honor.
17            THE COURT:  All right.  Then we can be adjourned in
18    this matter.  Thank you very much, Counsel, and good luck to
19    you, Mr. Gordon.
20            DEFENDANT GORDON:  Thank you, sir.
21            MR. CARTER:  Thank you, Your Honor.
22            THE CLERK:  Please rise.  Court is in recess.
23            MS. WILLIAMS:  Do we have a sentencing date yet or
24    will you just let us know?
25            THE CLERK:  I'll send it out.
```

1        THE COURT:  Let's set a sentencing date too.

2        THE CLERK:  I'll send it out but it's March 14th.

3        MS. WILLIAMS:  Okay.

4        THE CLERK:  Yep.

5        MR. CARTER:  March 14th?

6        THE CLERK:  14th, yeah.

7        MR. CARTER:  Okay.

8        THE CLERK:  It's a Thursday.

9        MR. CARTER:  Okay.

10       THE CLERK:  You guys will get a notice.

11       MS. WILLIAMS:  Okay.  Thank you.

12       (Court in recess at 12:10 p.m.)

13                        —  —  —

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T I O N

2          I, Linda M. Cavanagh, Official Court Reporter of the

3     United States District Court, Eastern District of Michigan,

4     appointed pursuant to the provisions of Title 28, United States

5     Code, Section 753, do hereby certify that the foregoing pages 1

6     through 25 comprise a full, true and correct transcript of the

7     proceedings held in the matter of United States of America vs.

8     Robert Donald Gordon, Case No. 17-20636, on Thursday, November

9     15, 2018.

10

11

12                    s/Linda M. Cavanagh
                   Linda M. Cavanagh, RDR, RMR, CRR, CRC
13                 Federal Official Court Reporter
                   United States District Court
14                 Eastern District of Michigan

15

16

17    Date: April 20, 2020
      Detroit, Michigan

18

19

20

21

22

23

24

25